UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| **Cameron Bell,** ) | |
| ) | |
| **Plaintiff** ) | |
| ) | |
| v. ) | Civil No. |
| ) | |
| **Enhanced Recovery Company,** ) | |
| **LLC,** ) | Jury Trial Demanded |
| ) | |
| **Defendant.** ) | |

## COMPLAINT

1. This is an action brought by Plaintiff, Cameron Bell, for actual and statutory damages, attorneys' fees, and costs for Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. §1692 *et seq*, (hereinafter "FDCPA") and the Telephone Consumer Protection Act, 47 U.S.C. § 227 (hereinafter "TCPA"). Plaintiff also seeks compensatory and punitive damages for the Defendant's violations of South Carolina common law set forth herein.

## JURISDICTION AND VENUE

2. This Court has Jurisdiction under 15 U.S.C. § 1692k(d), and 28 U.S.C. §1331, §1332, and §1367. Venue is proper in that the Defendant transacted business here, and the Plaintiff resides here.

## PARTIES

3. Plaintiff, Cameron Bell, is a resident and citizen of the State of South Carolina, Florence County, and is over the age of twenty-one (21) years.

4. Defendant, Enhanced Recovery Company, LLC (hereinafter referred to as "ERC") is a Delaware corporation and may be served with process through its registered agent, Capitol Corporate Services, Inc., 2 Office Park Court, Suite 103, Columbia, SC 29223. Defendant regularly collects debts and is a debt collector as that term is defined by the Fair Debt Collection Practices Act, 15 U.S.C. §1692a(6).

## FACTUAL ALLEGATIONS

5. Beginning in March, 2013, Defendant began to make daily phone calls to Plaintiff's cellular telephone. Said calls were made in the mornings, generally right after Plaintiff arrived at work.

6. Each time Plaintiff answered the phone there was no one on the other end of the line. Plaintiff answered the phone on a daily basis and continuously asked if anyone was present on the line, receiving no answer. On a number of occasions, upon picking up the line, Plaintiff would hear music playing on Defendant's end before the call was disconnected.

7. Each of the numerous telephone calls made by Defendant to Plaintiff were to Plaintiff's cellular telephone.

8. Plaintiff has no debt with Defendant nor does he have any debt in collections.

9. A number of these calls were received by Plaintiff while at work. Plaintiff was working in a hospital and was often engaged with patients in their rooms. The constant phone calls of Defendant disrupted his work day and his ability to interact with patients.

10. Upon information and belief, and as no one was ever present on the other end of the line, the calls placed to the Plaintiff's cellular telephone were made through the use of an automatic telephone dialing system as defined by 47 U.S.C. § 227.

11. Defendant repeatedly called Plaintiff on a number that was assigned to a cellular telephone service for which Plaintiff incurs a charge for incoming calls pursuant to 47 U.S.C. §227(b)(1).

12. Plaintiff did not expressly consent to Defendant's placement of telephone calls to his cellular telephone by the use of an automatic telephone dialing system pursuant to 47 U.S.C. §227(b)(1)(A). In fact, Plaintiff has no relationship with Defendant and has no debts in collection.

13. None of Defendant's telephone calls placed to Plaintiff were for emergency purposes as defined by 47 U.S.C. §227 (b)(1)(A)(I).

14. The telephone calls made by Defendant were in violation of 47 U.S.C. §227(b)(1).

15. After receiving a number of telephone calls from Defendant, Plaintiff filed a complaint with the South Carolina Department of Consumer Affairs. Plaintiff then received a letter from the South Carolina Department of Consumer Affairs which indicated that Defendant had ceased calling Plaintiff after speaking with Plaintiff on the phone. Plaintiff never spoke with Defendant on the phone.

## COUNT ONE
### (Fair Debt Collection Practices Act - 15 U.S.C. §1692)

16. Plaintiff hereby adopt all of the allegations set forth in paragraphs 5 through 15 as if set forth fully herein.

17. Defendant has engaged in collection activities and practices in violation of the Fair Debt Collection Practices Act with respect to the Plaintiff and an alleged consumer debt.

18. Defendant violated §1692c(a)(1) by contacting the Plaintiff at a time or place Defendant knew or should have known was inconvenient to the Plaintiff.

19. Defendant violated §1692d by engaging in conduct the natural consequence of which was to harass, oppress, or abuse the Plaintiff by repeatedly telephoning the Plaintiff with the intent to annoy, abuse, or harass the Plaintiff in an effort to coerce him into paying a debt in violation of §1692d(5). Defendant made calls to Plaintiff but never answered or responded to Plaintiff when he picked up the telephone. Said conduct directly evidences Defendant's intent to annoy, abuse or harass the Plaintiff.

20. The Defendant violated §1692f by using unfair and/or unconscionable means to attempt to collect a debt.

21. As a proximate result of Defendant's actions, the Plaintiff was caused to suffer worry, humiliation, fear, loss of sleep, anxiety, nervousness, physical sickness, physical pain and mental anguish for which he seeks the maximum statutory damages, actual damages, plus attorney's fees and costs.

## COUNT TWO
**(Negligent Violation of the Telephone Consumer Protection Act - 47 U.S.C. § 227)**

22. Plaintiff hereby adopt all of the allegations set forth in paragraphs 5 through 21 as if set forth fully herein.

23. The foregoing acts and omissions of Defendant constitute numerous and multiple negligent violations of the TCPA, including but not limited to each and every one of the above-cited provisions of 47 U.S.C. § 227 *et seq.*

24. As a result of Defendant's negligent violations of 47 U.S.C. § 227 *et seq.*, Plaintiff is entitled to an award of $500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C.§ 227(b)(3)(B).

### COUNT THREE
**(Willful Violation of the Telephone Consumer Protection Act - 47 U.S.C. § 227)**

25. Plaintiff hereby adopts all of the allegations set forth in paragraphs 5 through 24 as if set forth fully herein.

26. The foregoing acts and omissions of Defendant constitute numerous and multiple knowing and/or willful violations of the TCPA, including but not limited to each and every one of the above-cited provisions of 47 U.S.C. § 227 *et seq.*

27. As a result of Defendant's knowing and/or willful violations of 47 U.S.C. §227 *et seq.*, the Plaintiff is entitled to treble damages, as provided by statute, up to $1,500.00, for each and every violation, pursuant to 47 U.S.C. §227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(c).

### COUNT FOUR
**(Negligent Training and Supervision)**

28. Plaintiff adopts the averments and allegations of paragraphs 5 through 27 hereinbefore as if fully set forth herein.

29. The Defendant knew or should have known of its inadequate training and

supervision. If the Defendant had properly trained and supervised its employees, agents, and assigns, the conduct set forth herein which was directed at and visited upon Plaintiff would not have occurred.

30. The Defendant negligently failed to train and supervise its employees, agents, and/or assigns in order to prevent said improper conduct.

31. As a result of the Defendant's negligence, the Plaintiff suffered humiliation, family discord, stress, loss of sleep, anxiety, nervousness, physical sickness, physical and mental suffering, pain, and anguish.

## COUNT FIVE
### (Reckless and Wanton Training and Supervision)

32. Plaintiff adopts the averments and allegations of paragraphs 5 through 31 hereinbefore as if fully set forth herein.

33. The Defendant knew or should have known of its inadequate training and supervision. If Defendant had properly trained and supervised its employees, agents, and assigns, the conduct set forth herein which was directed at and visited upon the Plaintiff would not have occurred.

34. The Defendant knew or should have known that the conduct of its employees, agents, and/or assigns was improper.

35. The Defendant recklessly and wantonly failed to train and supervise its employees, agents, and/or assigns in order to prevent said improper conduct.

36. As a result of the Defendant's recklessness and wantonness, Plaintiff suffered humiliation, family discord, stress, loss of sleep, anxiety, nervousness, physical

sickness, physical and mental suffering, pain, and anguish.

## AMOUNT OF DAMAGES DEMANDED

WHEREFORE, PREMISES CONSIDERED, the Plaintiffs demand a judgment against the Defendant for the following:

a. For relief in amounts or other appropriate relief as may be determined by the Court pursuant to 15 U.S.C. §1692 to include the Plaintiffs' actual damages, statutory damages of one thousand ($1,000.00) dollars for each violation, as well as attorney's fees and costs.

b. Statutory damages of $500.00 from the Defendant for each and every violation of the TCPA;

c. Treble statutory damages of $1,500.00 for each and every call made to the Plaintiff's cell phones by the Defendant as each and every call was a knowing and/or willful violation of 47 U.S.C. §227 *et seq.*;

d. For compensatory and punitive damages in an amount to be determined by the jury for Defendant's negligent, reckless, willful and wanton training and supervision.

e. For this matter to be heard by a jury; and

f. For such other and further relief as this Court deems necessary and proper.

/s/ Penny Hays Cauley
Penny Hays Cauley, Fed ID No 10323
Attorney for Plaintiff

**OF COUNSEL:**
HAYS CAULEY, P.C.
549 West Evans Street, Suite E
Florence, SC 29501
(843) 665-1717
(843) 665-1718 Facsimile
phc917@hayscauley.com

**PLAINTIFFS DEMAND A TRIAL BY STRUCK JURY ON ALL COUNTS**

/s/ Penny Hays Cauley
Of Counsel

**DEFENDANT TO BE SERVED VIA CERTIFIED MAIL**

Enhanced Recovery Company, LLC
c/o Capitol Corporate Services, Inc. - registered agent
2 Office Park Court, Suite 103
Columbia, SC 29223